JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Elizabeth Clark

                              Plaintiff,

          -against-

Monterey Financial Services, Inc.

                              Defendant.

Case No.:    '17 CV 1126 MMA MDD

**COMPLAINT** for violations of the Fair
Debt Collection Practices Act, 15 U.S.C.
§ 1692 *et seq*. and the Rosenthal Fair
Debt Collections Practices Act, Cal. Civ.
Code § 1788 *et seq*.

       Plaintiff Elizabeth Clark ("Plaintiff" or "Clark") by and through her

attorneys, The Law Offices of Jonathan A. Stieglitz, as and for her Complaint

against Defendant Monterey Financial Services, Inc. ("Defendant") respectfully sets

forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

       1.    Plaintiff brings this action for damages and declaratory and injunctive

relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title

15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.   Plaintiff is a resident of the State of California, County of Butte, residing at 16 Natoma Court, Chico, CA 95928.

3.   Defendant is a debt collector with an address at 4095 Avenida De La Plata, San Diego County, Oceanside, CA 92056.

4.   Monterey Financial Services, Inc.  is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8.    On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.    This debt was  incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *Collection Calls*

10.    During the course of the past year, Plaintiff received multiple collection voicemails from Defendant.

11.    During the phone call, the Defendant's collector failed to state the proper disclosures of  "this is a call from a debt collector" and/or "this is an attempt to collect a debt."

12.    Collection in this fashion is nothing more than collection in an attempt to deceive the debtor.

13.    These calls from Defendant to Plaintiff were a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

### *Respondeat Superior Liability*

14.    The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein,

were committed within the time and space limits of their agency relationship with their principal, Defendant.

15.     The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

16.     By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

17.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

### *Summary*

18.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

19.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety,

emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

20.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

23.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Elizabeth Clark demands judgment from the Defendant Monterey Financial Services, Inc. as follows:

a)     For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

- 5 -

b)      For statutory damages provided and pursuant to <u>15 U.S.C.</u>

<u>§ 1692k(2)(A)</u>;

c)      For attorney fees and costs provided and pursuant to <u>15 U.S.C.</u>

<u>§ 1692k(a)(3)</u>;

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses

and disbursements of this action as this Court may deem just and proper.

Dated:  June 5, 2017

                                     THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

                              By:      <u>      /s/ Jonathan A Stieglitz     </u>
                                         Jonathan A Stieglitz